IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SAM PIERCE,<br><br>    Plaintiff,<br><br>    v.<br><br>TYRONE GREENE, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 2:20-cv-7 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.[1]  Doc. 5 at 3.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, as amended, in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  I **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 2.

---

[1]  Plaintiff's Complaint is filed on a 42 U.S.C. § 1983 Complaint form.  Doc. 5.  Clearly, however, Plaintiff intends to state a different cause of action arising out of the Americans with Disabilities Act and the Rehabilitation Act.  "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."  Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)).  Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."  Id. (quoting Castro, 540 U.S. at 381–82).  Although not a motion, the Court will ignore the § 1983 label on Plaintiff's Complaint and construe his claims under the Americans with Disabilities Act and the Rehabilitation Act.

**PLAINTIFF'S CLAIMS**[2]

Plaintiff claims he attempted to dine at the restaurant Defendant J's Fish & Chicken, but J's Fish & Chicken's owner and employees refused to let Plaintiff into the restaurant because his service dog was with him. Doc. 5-1 at 4. Plaintiff has a service dog to assist him following a stroke. Doc. 5-2 at 1. Plaintiff alleges he ate once at Defendant J's Fish & Chicken with no problem, but when he returned to the restaurant, Defendant Monica Washington, the owner, "chewed [him] out" because he was accompanied by his service dog. Id. Additionally, his waiter, Defendant Tyrone Greene, refused to serve Plaintiff unless Plaintiff put a blanket down for his dog. Id. On November 27, 2019, Plaintiff returned to the restaurant a third time, and Defendant Mr. J LNU told him he could not dine at the restaurant. Id.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

---

[2] All allegations set forth here are taken from Plaintiff's amended Complaint. Doc. 5-1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff complains Defendants refused him service because of his disability and made it difficult for him and his service dog to dine at Defendant J's Fish & Chicken (a restaurant), violating Title II of the ADA and the Rehabilitation Act.  Doc. 5-1 at 3; Doc. 5-2 at 1.  Because "causes of action under Title II of the ADA and the Rehabilitation Act are essentially identical," the Court will consider the claims simultaneously.  R.W. v. Bd. of Regents of the Univ. Sys. of Ga., 114 F. Supp. 3d 1260, 1282 (N.D. Ga. 2015) (quoting Everett v. Cobb Cnty. Sch. Dist., 138 F.3d 1407, 1409 (11th Cir. 1998)); Wilson v. Smith, 567 F. App'x 676, 678–79 (11th Cir. 2014); Badillo v. Thorpe, 158 F. App'x 208, 214 (11th Cir. 2005) ("[T]he RA uses the same standards as the ADA, and therefore, cases interpreting either are applicable and interchangeable.").

Title II of the ADA prohibits public entities from discriminating against disabled individuals.  See 42 U.S.C § 12132; Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998). Under Title II of the ADA, a plaintiff must plead and ultimately show three elements:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and

3

> (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

Am. Ass'n of People with Disabilities v. Harris, 647 F.3d 1093, 1101 (11th Cir. 2011).

Plaintiff's contention that a private business, Defendant J's Fish & Chicken, and its employees denied him service does not set forth a violation of Title II of the ADA. "Only public entities are liable for violations of Title II of the ADA." Hunt v. Warden, 748 F. App'x 894, 898 (11th Cir. 2018); see 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). Defendants are not public entities and cannot be held liable under Title II.

Likewise, § 504 of the Rehabilitation Act states: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); Bd. of Regents, 114 F. Supp. 3d at 1282. That is, the Rehabilitation Act only applies to programs or activities receiving federal financial assistance. Defendants are not a program or activity receiving such assistance, and thus, cannot be sued under the Rehabilitation Act.

Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, as amended.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, as amended, in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate

Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of December, 2020.

                                  BENJAMIN W. CHEESBRO
                                  UNITED STATES MAGISTRATE JUDGE
                                  SOUTHERN DISTRICT OF GEORGIA